HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICHOLAS STROEDER,

    Plaintiff,

v.

STATE OF WASHINGTON, et al.,

    Defendants.

CASE NO. 10-1271RAJ-BAT

ORDER

This matter comes before the court on Plaintiff Nicholas Stroeder's objections (Dkt. # 18) to the Report and Recommendation ("R&R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge. For the reasons stated herein, the court GRANTS the objections in part and DENIES them in part. The court also DENIES Plaintiff's motion to file an amended complaint. Dkt. # 23.

The R&R recommends that the court dismiss Plaintiff's complaint for failure to state a claim, in large part because Plaintiff failed to allege culpable conduct by state actors, as 42 U.S.C. § 1983 requires. The court agrees that with respect to Defendants Brad and Kim Peterson, Plaintiff's former foster parents, the complaint fails to state a claim, as it provides no basis to conclude that the Petersons were state actors. The court

also agrees that the complaint should be dismissed to the extent it complains of media coverage Plaintiff received.

The R&R permits Plaintiff to include an amended complaint along with his objections. Plaintiff submitted an amended complaint. Dkt. # 19. Although the amended complaint does not cure the deficiencies with respect to the Petersons, it does allege state action. It explains that "Gary Clump, who was my social worker provided by the DSHS-DCFS in Oak Harbor, Washington, is supposed to make sure that I am safe on several occasions when I told Gary Clump that I did not feel safe or that I was being abused by Brad and Kim Peterson no effort was made to look into my report until more than a year and a half later . . . ."

Although the court takes no position on whether the amended complaint states a 42 U.S.C. § 1983 cause of action, it does allege state action. Accordingly, the court declines to dismiss this case in its entirety.

After Plaintiff filed his amended complaint, he filed a motion to amend his complaint yet again. The motion states that "[s]ince the filing of the complaint the plaintiff has determined that there are several other people who need to be named as defendants." He does not explain who the "other people" are, or what they have done. Accordingly, the court DENIES the motion to amend. Under ordinary circumstances, a Plaintiff does not require leave of court to amend his complaint before any Defendant has answered. In this case, the court will leave it to Judge Tsuchida to decide whether to permit an additional amended complaint, as he will be responsible for deciding if and when to order service of Plaintiff's complaint.

//
//
//
//

ORDER- 2

1  The court directs the clerk to dismiss Brad and Kim Peterson as Defendants, and
2  to refer this action to Judge Tsuchida for further consideration. Nothing in this order
3  shall be construed to prevent Judge Tsuchida from requiring additional detail regarding
4  Plaintiff's allegations against DSHS and its staff before ordering service of the complaint.
5  Dated this 10th day of January, 2011.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER- 3